**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Brandon Gratz SEAMAN, Defendant—**
**Appellant.**

**No. 02–30063.**

**D.C. No. CR–01–84–GF–SEH.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2002.

Decided Nov. 13, 2002.

Before TROTT, T.G. NELSON, and THOMAS, Circuit Judges.

MEMORANDUM *

Brandon Seaman appeals the sentence imposed after his guilty plea to one count of conspiracy to distribute methamphetamine. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

I

The district court did not err by enhancing Seaman's sentence pursuant to U.S.S.G. § 2D1.1(b)(1), a decision which we review for an abuse of discretion. *United States v. Berry*, 258 F.3d 971, 976 (9th Cir.2001). Here, the district court provided Seaman with an opportunity to provide evidence in open court challenging the credibility of Nyre's testimony. The district court considered the competing evidence and resolved the factual dispute against Seaman. Although Seaman contests the actual resolution, there is a sufficient factual basis for the enhancement for us to conclude that the district court did not abuse its discretion.

II

The district court did not clearly err in its calculation of methamphetamine attributable to Seaman. Seaman contends that the district court double-counted six to seven grams that Green testified he provided to Seaman. However, even if this issue were resolved in Seaman's favor it would not require reversal because it would have no effect on his base offense level given the undisputed quantity of methamphetamine attributable to him.

---

## III

The district court did not abuse its discretion in imposing a ninety-month sentence. Seaman contends that such sentence was impermissibly disproportionate in light of the fact that his co-defendants Green and Nyre must have received substantial downward departures in their sentencing for their cooperation.

The record indicates that Green pled guilty to a lesser charge of intent than the conspiracy charge underlying Seaman's conviction. An inquiry of substantial disparity between sentencing is not relevant between individuals who have engaged in different criminal conduct. *See United States v. Bischel,* 61 F.3d 1429, 1437 (9th Cir.1995). Nyre provided evidence that led to Seaman's arrest. "[L]enient sentencing in exchange for cooperation with the government is a valid exercise of discretion." *U.S. v. Baker,* 10 F.3d 1374, 1420 (9th Cir.1993) (citation omitted), *overruled on other grounds, United States v. Nordby,* 225 F.3d 1053 (9th Cir.2000). Thus, based on the record before us, we cannot conclude that the sentence was impermissibly disproportionate to the sentences of the co-defendants.

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.